FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 OCT 30 PM 3: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN W. O'QUINN, | * | |
| | * | C.A. NUMBER 06-9208 |
| Plaintiff, | * | |
| | * | SECTION |
| VERSUS | * | |
| | * | JUDGE SECT. A MAG 5 |
| ILLINOIS CENTRAL RAILROAD COMPANY, | * | MAGISTRATE |
| | * | |
| Defendant. | * | |

********************************************************************
*

**COMPLAINT**

COMES NOW the Plaintiff John W. O'Quinn, and brings this action against the defendant, Illinois Central Railroad Company, and claims as follows:

I.

Defendant, Illinois Central Railroad Company, hereinafter Illinois Central, is a foreign corporation incorporated in the state of Illinois, qualified to do business within the state of Louisiana, so that Defendant is subject to the jurisdiction of this Court.

II.

The jurisdiction of this Court is based upon an act of Congress of the United States generally referred to as the Federal Employer's Liability Act, 45U.S.C. 51 et seq (FELA).

1

Fee #350
Process
X Dktd
CtRmDep
Doc. No

Defendant and its employees, including Plaintiff have at all times material to this action been subject to the provisions of the FELA.

### III.

The defendant has at all times material to this action been a common carrier by railroad engaged in the business of operating a railroad for the transportation of freight and/or passengers for hire in interstate commerce.

### IV.

Plaintiff, John W. O'Quinn was an employee of Defendant beginning in 1963 and ending in 2003. A part of the duties of Plaintiff in connection with his employment by Defendant was in furtherance of interstate commerce.

### V.

The plaintiff was an employee of the Defendant for many years. During the course of Plaintiff's employment he was required to work in areas and around equipment where he was frequently and un-necessarily subjected and exposed to dangerous toxic and damaging dust, fumes, gas and asbestos particles.

### VI.

As a direct and proximate result of his exposure to said dangerous toxic and damaging dust, fumes, gas and asbestos, Plaintiff contracted and is suffering from an asbestos related disease and has been otherwise injured and damaged due to his employment with Illinois Central.

## VII.

Plaintiff was made sick and sore and caused to suffer great physical pain and mental anguish and he will be caused to suffer such great physical pain and mental anguish in the future. Plaintiff has been caused to undergo serious medical care and treatment and may be caused to be hospitalized and to undergo serious and painful medical care and treatment in the future. He has incurred medical expenses and may be caused to do so in the future. Plaintiff has lost wages from his customary employment and Plaintiff's power and capacity to work and earn money has been permanently impaired. Plaintiff has been permanently injured and damaged.

## VIII.

Plaintiff was caused to sustain and suffer all of the aforesaid injuries and damages as a result in whole or in part of the negligence of the officers, agents, or employees of Illinois Central or by reason of a defect for insufficiency due to the negligence of said officers, agents, or employees, in Defendant's engines, cars, appliances, machinery, road bed, building structures, works or other equipment.

## IX.

Plaintiff was caused to sustain and suffer all of the aforesaid injuries and damages as a result, in whole or in part, of the failure of Illinois Central to exercise reasonable care to furnish and maintain reasonably safe and suitable equipment for Plaintiff and a reasonably safe place in which to perform his work.

## X.

The defendant, its officers, employees and/or agents were guilty of one or more of the following negligent acts or negligent omissions which gave rise to dangerous or

hazardous conditions that caused or contributed, in whole or in part, to the plaintiff's injuries and damages. Said acts and omissions are set out herein by way of illustration and not limitation;

a) In negligently failing to provide Plaintiff with environmentally safe methods or procedures to perform the tasks assigned to him; and/or

b) In negligently failing to provide Plaintiff with reasonably safe and environmentally adequate tools and equipment to perform the tasks assigned to him; and/or

c) In negligently failing to warn Plaintiff of the dangers in working around dangerous and hazardous dust, fumes, gases and asbestos particles; and/or

d) In negligently failing to inspect for and/or determine the presence of excessive dangers and hazardous dust, fumes, gases and asbestos particles emanating from locomotive and train cars and/or brake systems and/or buildings in which Plaintiff was required to work and/or other sources of excessive dust and fumes when the defendant knew or through the exercise of reasonable care, should have know of the presence of such dust and fumes and the dangers posed to its employees; and/or

f) In negligently failing to provide sufficient and adequate dust and fume ventilating procedures that Defendant knew or through the exercise of reasonable care, should have know of the dangers posed to its employees.

WHEREFORE, the plaintiff prays for judgment against Defendant, Illinois Central Railroad Company in an amount to be determined by the jury. Further, Plaintiff demands judgment against the defendant in a sum that exceeds the jurisdictional amount of this Court;

costs herein expended; and any and all relief to which he is entitled.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,

STEPHENSON, MATTHEWS, CHAVARRI
& LAMBERT, L.L.C.

*Maria I. O'Byrne Stephenson*

Maria I. O'Byrne Stephenson (#12448)
Kathleen D. Lambert (#19665)
2305 World Trade Center
#2 Canal Street
New Orleans, LA 70130
Tel: (504) 523-6496
Fax: (504) 525-2846

Mark Stephens "Trial Attorney"

DEFENDANT'S AGENT FOR SERVICE OF PROCESS:
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA 70809