```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN W. O'QUINN                            CIVIL ACTION

VERSUS                                     NO: 06-9208

ILLINOIS CENTRAL RAILROAD                  SECTION: "A" (5)
CO.
```

### ORDER AND REASONS

Before the Court is a **Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Rec. Doc. 8)** filed by defendant Illinois Central Railroad Co. ("ICRR"). Plaintiff, John W. O'Quinn, opposes the motion. The motion, set for hearing on February 7, 2007, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

### I.   BACKGROUND

Plaintiff claims that ICRR exposed him to toxic substances, including asbestos, during his railroad employment with the company. O'Quinn worked for ICRR beginning in 1963 and ending in 2003. On September 19, 1989, Plaintiff was advised that he was

suffering from an asbestos-related disease and that he was otherwise injured and damaged due to his employment with ICRR. (Def. Exh. A, Pet. filed 1/11/93).

On May 15, 1992, Plaintiff filed a petition, identical in nearly all respects to the instant complaint, in state court. Plaintiff filed the case in the Civil District Court for the Parish of Orleans but the matter was later transferred to the 24th JDC, Parish of Jefferson, following an exception to venue. On September 22, 2006, ICRR filed a motion to dismiss that action due to abandonment under Louisiana Code of Civil Procedure article 561.[1] The affidavit submitted in support of the motion

---

[1] Louisiana Civil Code of Procedure article 561 provides in relevant part:

> An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,
>
> . . .
>
> (2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.
>
> . . .
>
> (3) A motion to set aside a dismissal may be made only within thirty days of the date of the sheriff's service of the order of dismissal.
. . .
> (4) An appeal of an order of dismissal may be taken only within sixty days of the date of the sheriff's service of the order of dismissal. An appeal of an order of denial may be

states that no pleadings or other entries were filed in the court record by the plaintiff between January 3, 1997, and July 12, 2006, but that Plaintiff did serve post-abandonment discovery in November 2005.  (Def. Exh. C).  On October 11, 2006, the state court signed a judgment formally dismissing the case as abandoned.  In accordance with article 561, the judgment specifically provided that Plaintiff had 30 days from service of the order to move to set it aside.  (Def. Exh. D).  Instead of pursuing his remedies in state court Plaintiff filed the instant complaint against ICRR in this Court on October 30, 2006.  As noted above, the complaint is identical in nearly all respects to the petition that Plaintiff abandoned in state court.

ICRR now moves to dismiss the case on grounds of res judicata and prescription.

**II.  DISCUSSION**

Plaintiff's claim against ICRR is governed by the Federal

---

<div style="padding-left: 2em;">

taken only within sixty days of the date of the clerk's mailing of the order of denial.

B. Any formal discovery as authorized by this Code and served on all parties whether or not filed of record, including the taking of a deposition with or without formal notice, shall be deemed to be a step in the prosecution or defense of an action.

</div>

La. Code Civ. Proc. Ann. art. 561 (Supp. 2007).  The time period for abandonment was reduced from five years to three years effective July 1, 1998.  1997 La. Acts No. 1221, § 1.  The legislation provided that the shorter time period would apply to all pending actions.  Id.

Employer's Liability Act, 45 U.S.C. § 51, et seq. ("FELA"). Actions brought under FELA are subject to a three year statute of limitations.  Id. § 56.  Plaintiff does not dispute that his cause of action accrued in 1989 when he was diagnosed with asbestos-related disease.  ICRR does not dispute that Plaintiff's 1992 state court suit was timely filed within the three year statute of limitations.  The parties do dispute, however, whether this federal action is timely, and at the crux of that dispute is the tolling effect, if any, that the timely state court suit had on the statute of limitations.

Federal law is clear that when a plaintiff files a timely FELA action in a state court of competent jurisdiction, and serves the defendant with process, the FELA limitation period is tolled during the pendency of the state suit.  See Burnett v. N.Y. Cent. R. Co., 380 U.S. 424, 434-35 (1965).  Likewise, under Louisiana law, filing suit interrupts the applicable prescriptive period and it remains tolled during the pendency of the suit.[2]

---

[2] Louisiana Civil Code article 3463 reads as follows:

> An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial.

4

La. Civ. Code art. 3463. However, Louisiana law also provides that interruption is considered never to have occurred if the plaintiff abandons the action. Id. Naturally, ICRR contends that the abandoned state court lawsuit did not toll the statute of limitations. On the other hand, Plaintiff cites Burnett, supra, for the proposition that abandonment, a purely local state rule of procedure, cannot be used to thwart rights under FELA.

Plaintiff's timely state court suit unarguably tolled the statute of limitations and the limitations period remained tolled *while that lawsuit was pending*. Pretermitting the potential effects of abandonment on that tolling, *by operation of law and prior to any formal order of dismissal being entered* abandonment occurred three years after no action was taken in the prosecution or defense of the claim. La. Code Civ. P. 561(A)(1); Bordelon v. Med. Ctr., 871 So. 2d 1075, 1083 (La. 2004). According to the affidavit submitted with the motion for dismissal in state court, no action was taken in the case from January 3, 1997, until November 2005. (Def. Exh. C). Thus, the case was abandoned sometime around January 3, 2000. The law is clear that once abandonment occurs the case is no longer *pending*. Varnado v. Gentilly Med. Ctr. for Women, 728 So. 2d 479, 482 (La. App. 4th

---

La. Civ. Code Ann. art. 3463 (Supp. 2007).

Cir. 1998).  Thus, even if Article 3463 is ignored and Plaintiff gets credit for tolling while his suit was *pending*, Plaintiff's limitation period began to run again no later than January 2000, when abandonment occurred--by operation of law and without the need for a formal judgment recognizing it.  Consequently, this lawsuit, which was filed in October 2006, was filed far outside of the three year limitation period for FELA actions.  Without question, Plaintiff's claim is untimely.

Further, Burnett does not support Plaintiff's contention that his FELA suit is somehow excepted from the consequences of abandonment.  In Burnett the plaintiff had timely filed his FELA action in Ohio state court but he had filed the suit in a court of improper venue, albeit one of competent jurisdiction.  380 U.S. at 424-25.  The state court granted defendant's venue exception and dismissed the case.  Transfer in lieu of dismissal was not an option because certain provisions of Ohio law did not place venue anywhere in Ohio for this particular action.  Id. at 429 n.6.  Eight days later the plaintiff re-filed the suit in federal court but the district court dismissed the case because it had been filed more than three years from when the cause of action accrued.  The district court reasoned that the first action, although timely, did not toll the statute of limitations because venue had not been proper.  Id. at 425.

6

The Supreme Court reversed and held that when a plaintiff begins a timely FELA action in a state court of competent jurisdiction, service of process is made upon the opposing party, and the state court action is later dismissed because of improper venue, the FELA limitation is tolled during the pendency of the state action.  Burnett, 380 U.S. at 428.  The Court began by explaining that the FELA limitations period is not totally inflexible, and under appropriate circumstances, may be extended beyond three years.  Id. at 427.  The basic inquiry is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances.  Id.  The Court examined the purposes and policies underlying the limitation provision and FELA itself--FELA being a "humane and remedial Act," and statutes of limitations being designed to assure fairness to defendants by preventing surprises through the revival of claims "that have been allowed to slumber until evidence is lost, memories have faded, and witnesses have disappeared."  Id. at 428.  The Court went on to enumerate some instances where the limitation provision had previously been tolled, defining the common thread of those cases to be situations where the plaintiff had not slept on his rights but rather had been prevented from asserting them.  Id. at 429.

The Court then noted how Burnett's case was similar to those

cases because he had not slept on his rights, as evidenced by timely filing suit in state court and serving the defendant, and because venue objections are waivable and in the past had been waived by this very defendant.  Id.  Thus, the plaintiff's federal suit was filed late solely because he believed that the state suit was sufficient--not because he was disinterested.  Id. at 429.  Further, because the plaintiff had been actively pursuing his FELA remedy prior to the dismissal, the defendant could not have relied upon the policy of repose embodied in the FELA limitation provision.  Id. at 429-30.  In short, the plaintiff could not be deprived of his FELA remedy by the vagaries of a state rule of procedure when no policy underlying a statute of limitations would be served in doing so.  Id. at 434.

   Turning now to the instant case, the sole similarity between this case and Burnett is that both plaintiffs filed timely state court actions that were dismissed without prejudice prior to filing a second law suit in federal court.  However, the similarities end there.  Unlike Burnett, Plaintiff herein was not actively pursuing his legal rights when the case was abandoned by operation of law.  In fact, the very reason that abandonment occurred is because Plaintiff did nothing in furtherance of pursuing his rights for three years.  Plaintiff then let another five years pass before taking any action on his claim.  Plaintiff

8

allowed his claim to "slumber" for years in stark contrast to the plaintiff in Burnett.  And in Burnett the plaintiff's diligence in pursuing his rights was an aspect of the case that the Court emphasized.[3]  And unlike other cases where the limitations period was tolled, Plaintiff was not "prevented" from pursuing his legal rights for reasons beyond his control.

Furthermore, in contrast to the Ohio venue statute that required dismissal in lieu of transfer in Burnett, article 561 is not unfair and does not impose an unreasonable result or undue burden.  The policy underlying abandonment is to prevent protracted litigation which is filed for purposes of harassment or without serious intent to hasten the claim to judgment.  Williams v. Abadie, 857 So. 2d 1118, 1120 (La. App. 4th Cir. 2003) (citing Viesel v. Republic, 665 So. 2d 1221 (La. App. 4th Cir. 1995); Brister v. Manville Forest Prods., 749 So. 2d 881 (La. App. 2d Cir. 1999)).  Implicit in the concept of abandonment

---

[3] Plaintiff attempts to create an additional similarity to Burnett in pointing out that he likewise filed his federal suit shortly after the judgment of dismissal was entered in state court.  However, Plaintiff is ignoring the fact that in the case of abandonment the order of dismissal is a mere formality because abandonment happens automatically by operation of law.  The Burnett plaintiff filed his federal suit eight days after his state suit was dismissed but Plaintiff filed the instant suit more than three years after it was abandoned.  Plaintiff's only hope to "revive" the case was to move in state court to set aside the judgment--a recourse expressly provided to him by article 561.

9

are issues of repose which are also embodied in the FELA limitation provision.  Following article 561 comports with congressional intent in imposing a limitation period for FELA claims in the first place.  And under the egregious facts of this case, the abandonment statute actually serves to buttress the policies underlying the limitations period by excluding "the revival of claims that have been allowed to slumber" for years. Burnett, 380 U.S. at 428.

Finally, article 561 does not raise concerns of uniformity in enforcing FELA rights.  The Burnett Court discussed uniformity in conjunction with its determination that state law "savings" statutes should not be incorporated into FELA to protect plaintiffs who file in a court of improper venue.[4]  Id. at 432-33.  The Court never suggested that principles of uniformity outweigh enforcing non-discriminatory state rules of procedure that support the very policies embodied in the FELA limitations period.  If Plaintiff's argument were correct then FELA plaintiffs who choose to file in state court would be free to ignore with impunity any rules of state procedure that are not imposed across all jurisdictions.  Burnett does not support such

---

[4] A "savings" statute is one that gives a plaintiff whose timely action is dismissed for procedural reasons a specified time in which to bring a second action.  Burnett, 380 U.S. at 432.

a result.  In short, <u>Burnett</u> does not stand for the broad proposition that FELA insulates claims filed in state court from local state court rules of procedure.

In sum, Plaintiff's claim is prescribed and ICRR is entitled to dismissal.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Rule 12(b)(6) Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Rec. Doc. 8)** filed by defendant Illinois Central Railroad Co. should be and is hereby **GRANTED**.  Plaintiff's complaint is **DISMISSED**.

February 14, 2007

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE